IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

RANDY C. WILLIAMS                                                                                          PLAINTIFF

VS.                                                                                    CIVIL ACTION NO. 4:13cv10-FKB

WARDEN VINCE HORTON, et al.                                                                      DEFENDANTS

## OMNIBUS ORDER

Plaintiff, a state prisoner, brought this action pursuant to 42 U.S.C. § 1983 alleging that prison officials failed to adequately protect him from an assault by other inmates. The Court held a *Spears*[1] hearing on September 25, 2013, and the parties have consented to jurisdiction by the undersigned. Having considered Plaintiff's testimony at the hearing, and having conferred with the parties, the Court finds and order as follows.

During the relevant time period, Plaintiff was housed at East Mississippi Correctional Facility (EMCF). Plaintiff alleges that when he arrived at EMCF, he informed Warden Vince Horton and Warden B. Grimes that there was a "hit" out on his life and that he needed to be moved to a facility that could provide protective custody. Plaintiff was not moved, and subsequently he was stabbed by inmates on two occasions - first in December of 2011, and again in February of 2012. Two days after the February stabbing, he was placed in administrative segregation, where he remained until he was transferred out of EMCF in September of 2012. Plaintiff suffered no injuries at the hands of other inmates after the February stabbing.

In order to succeed on a failure-to-protect claim, an inmate must establish that

---

[1] *See Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985).

prison officials were deliberately indifferent to a substantial risk of serious harm. *Johnson v. Johnson*, 385 F.3d 503 (5th Cir. 2004) (citing *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The only persons identified by Plaintiff whom he informed of any danger *prior* to being attacked were Defendants Horton and Grimes. Plaintiffs' complaints regarding the remaining defendants are that they failed to provide him adequate protection *after* the attacks. Whatever these other defendants may have failed to do, Plaintiff suffered no serious harm as a result of their inaction. For this reason, all defendants other than Horton and Grimes are hereby dismissed.

This cause is set for a bench trial before the undersigned on April 23, 2014, at 9:00 a.m.

Upon motion of Plaintiff, the Court will secure the presence at trial of up to two incarcerated witnesses if the Court concludes that their testimony is relevant. Plaintiff shall include in his motion the prisoner identification number and correctional facility in which the witness is housed and shall state in detail the nature of the proposed testimony and how it is relevant to the factual issues of Plaintiff's claim. Such motions shall be filed no later than thirty days prior to trial.

Should any of Plaintiff's witnesses be or become "free world," Plaintiff shall be responsible for securing their voluntary presence at the trial. Should a "free world" witness refuse to appear voluntarily, Plaintiff shall adhere to the following procedure to secure the witness's presence. No later than thirty days prior to trial, Plaintiff shall file a motion requesting a subpoena to be issued for the witness. The request shall include the name and address of the witness, and shall be accompanied by the witness fee and expense payment required by Rule 45 of the Federal Rules of Civil Procedure.

Discovery shall be limited to 10 interrogatories, 10 requests for admission, and 10 requests for production. All discovery shall be completed by December 24, 2013.

Any dispositive motions shall be filed by January 24, 2014.

SO ORDERED this the 15th day of October, 2013.

/s/ F. Keith Ball
_____
UNITED STATES MAGISTRATE JUDGE